**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4157

ANDRE TERRY HALL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 96-4158

ALAND TRACY HALL,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Chief District Judge.
(CR-94-92)

Submitted: October 17, 1996

Decided: October 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph Robert Johnson, Jr., JOSEPH R. JOHNSON & ASSO-
CIATES, Lynchburg, Virginia; Joseph Abraham Sanzone, JOSEPH
A. SANZONE ASSOCIATES, Lynchburg, Virginia, for Appellants.
Robert P. Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr.,
Assistant United States Attorney, Charlottesville, Virginia, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to written plea agreements, Aland Tracy Hall and Andre
Terry Hall pled guilty to conspiracy to possession with intent to dis-
tribute and distribution of cocaine base in violation of 21 U.S.C.A.
§ 846 (West Supp. 1996). Prior to sentencing, the Defendants each
moved for the district court to sentence them under the statute penal-
izing cocaine offenses, 21 U.S.C.A. § 841(b)(1)(A)(ii) (West Supp.
1996), rather than under the statute penalizing cocaine base (crack)
offenses, 21 U.S.C.A. § 841(b)(1)(A)(iii) (West Supp. 1996). Citing
the 1994 Annual Report of the United States Sentencing Commission,
they argued that the 100-to-1 statutory sentencing ratio for cocaine
powder and crack offenses denies them equal protection because of
its disparate impact on black defendants. The district court denied the
motions and sentenced Aland Hall and Andre Hall each to 150
months imprisonment, five years of supervised release, and a special
assessment of $50.

The Defendants appeal their sentences, arguing only that the 100-
to-1 statutory sentencing ratio for cocaine and crack offenses violates
the Equal Protection Clause of the Fifth Amendment because of its
disparate impact on black defendants. This claim has been considered

2

and rejected before, <u>United States v. Fisher</u>, 58 F.3d 96, 99-100 (4th Cir.), <u>cert. denied</u>, ___ U.S. #6D6D 6D#, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923), and we decline the Halls' invitation to reconsider this issue. We therefore affirm Aland Hall's and Andre Hall's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3